UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-08866-JLS-DFM                                                   Date: July 22, 2022
Title:  Lei Mei Chen v. Urban Commons 6th Ave Seattle, LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Dolores Ramos  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                                  Not Present

**PROCEEDINGS:**   **(IN CHAMBERS)  ORDER:  (1) DENYING MOTION FOR DEFAULT JUDGMENT (Doc. 21); (2) VACATING DEFAULT BY CLERK AS TO DEFENDANTS URBAN COMMONS 6TH AVE SEATTLE, LLC, TAYLOR WOODS, AND WU DEVELOPMENT, LLC (Doc. 18); AND (3) DENYING AS MOOT THE APPLICATION TO SET ASIDE ENTRY OF DEFAULT BY THE CLERK ON 12/28/2021, AGAINST DEFENDANT WU DEVELOPMENT, LLC PURSUANT TO F.R.C.P. 55(c) (Doc. 23)**

     Before the Court is a Motion for Default Judgment filed by Plaintiff Li Mei Chen seeking default judgment against Defendants Urban Commons 6th Ave Seattle, LLC ("UC Seattle"), Taylor Woods, and Wu Development, LLC.  (Mot., Doc. 21.)  The Court took this matter under submission.  For the following reasons, the Court DENIES Plaintiff's Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-08866-JLS-DFM                                    Date: July 22, 2022
Title:  Lei Mei Chen v. Urban Commons 6th Ave Seattle, LLC et al

## I. BACKGROUND

On November 10, 2021, Plaintiff filed a complaint against Defendants UC Seattle, Taylor Woods, Howard Wu, Wu Development, LLC, and Annie Wu.  (Complaint, Doc. 1.)  Plaintiff is an individual residing in New Mexico.  (*Id.* ¶ 10.)  Defendant UC Seattle "is a Delaware Limited Liability Company whose manager and/or Member is a citizen and resident of Los Angeles County."  (*Id.* ¶ 11.)  Defendant Taylor Woods is alleged to be "a resident of Orange County, California until recently relocating to Meridian, Idaho."  (*Id.* ¶ 12.)  Howard Wu and Annie Wu are residents of Los Angeles, California, and are alleged to be conducting business in California.  (*Id.* ¶¶ 13-14.)  Plaintiff alleges that UC Seattle "is a shell company being used as an instrumentality and conduit for a single venture controlled by Defendant [Taylor Woods] and his cohort [Howard Wu]."  (*Id.* ¶ 45.)

Plaintiff alleges that "[t]his action stems from the unscrupulous, fraudulent and unlawful sale, within this District, of unregistered and non-exempt securities by Defendants to Plaintiff."  (*Id.* ¶ 1.)  Specifically, Plaintiff alleges that in January 2020, "Defendants issued a private offering . . . to investors seeking to raise Thirty Million Dollars . . . in membership interest in" UC Seattle.  (*Id.* ¶ 16.)  Plaintiff alleges that UC Seattle "is the single purpose limited liability company through which Defendants were going to purchase the real property known as Hilton Seattle" in Seattle, Washington.  (*Id.*)  Defendants' offering documents included a Membership Interest Subscription Agreement ("Subscription Agreement").  (*Id.*)

On July 3, 2020, Plaintiff executed a "Subscription Agreement" and wired $300,000 to Defendants.  (*Id.*)  Plaintiff contends that the Subscription Agreement "expressly stated" that UC Seattle "will not use or apply the purchase price until the Company has raised the necessary funds from this offering."  (*Id.* ¶ 20.)  Moreover, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-08866-JLS-DFM                                     Date: July 22, 2022
Title:  Lei Mei Chen v. Urban Commons 6th Ave Seattle, LLC et al

Subscription Agreement provided "that in the event the subscription were terminated, 'all funds raised by the Company will be returned to the applicable investors, together with any interest remaining on such funds following the payment of all costs and expenses.'" (*Id.* ¶ 20.)  Plaintiff alleges "that to date, Defendants have not completed their offering for UC SEATTLE nor have Defendants raised the Thirty Million Dollars ($30,000,000) from its offering of membership interests in UC SEATTLE."  (*Id.* ¶ 23.)

Plaintiff alleges that "[i]n addition to executing the Subscription Agreement, Plaintiff also entered into an Investment Agreement with Defendants."  (*Id.* ¶ 26.)  The Investment Agreement provided that "'Member shall receive a six percent (6%) guaranteed preferred return per annum on Investment Capital ('Preferred Return"), to be paid each Calendar Quarter at the rate of 1.5% each Calendar Quarter.'"  (*Id.* ¶ 26.)  Plaintiff alleges that to date, she "has only received (2) Preferred Return payments on her investment," and that she "is still owed approximately $295,500.00, which represents the remaining balance of her initial investment, plus her "preferred Returns', interests and attorney's fees."  (*Id.* ¶ 28.)

Plaintiff further alleges that "[d]uring the marketing and solicitation of investments in the membership interest of UC SEATTLE, Defendants did not disclose their relationship with, involvement in, and/or ownership interest in EAGLEHT, which is the Singaporean REIT which was supposed to buy UC SEATTLE upon UC SEATTLE's acquisition of the Hilton Seattle."  (*Id.* ¶ 30.)  According to Plaintiff, "Defendants knew that EAGLEHT had defaulted on a Three Hundred and Forty-One Million Dollar (US $341,000,000.00) facility loan." (*Id.*)  Plaintiff also alleges that Defendants "knew that trading of EAGLEHT SP was suspended," and that "they were under investigation by the Monetary Authority of Singapore . . . and the Singapore Exchange for suspected breaches of disclosure requirements under Section 203 of the Singapore Securities and Futures Act, and breaches of regulations and listing rules in relation to EAGLEHT SP."  (*Id.* ¶ 33.)  Plaintiff contends that "[n]otably, nowhere in the documents provided to Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-08866-JLS-DFM　　　　　　　　　　　　　　　　　Date: July 22, 2022
Title: Lei Mei Chen v. Urban Commons 6th Ave Seattle, LLC et al

as part of the Seattle Offering, including the Subscription Agreement and the Investment Agreement, did Defendants disclose their involvement with, connection to, and/or relationship with EAGLEHT." (*Id.* ¶ 34.) Plaintiff alleges that Taylor Woods and Howard Wu "own and/or owned 17% of the equity in EAGLEHT and were and/or are Chairman and Deputy Chairman, respectively of the EAGLEHT board." (*Id.* ¶ 31.)

Based on the facts alleged above, Plaintiff brings twenty-two causes of action against Defendants. (*Id.* ¶¶ 50-190.) However, Plaintiff seeks default judgment only as to the following causes of action: violations of California Corporations Code Section 25401 & 25501 (sixth cause of action); breach of contract (thirteenth cause of action); fraud-intentional misrepresentation (eighteenth cause of action); negligent misrepresentation (nineteenth cause of action); and violations of California's Unfair Competition law (twenty-second cause of action). (Mem. at 6-10, Doc. 21-1.)

Plaintiff filed proofs of service of the Complaint as to Defendants Howard Wu, Taylor Woods, UC Seattle, and Wu Development, LLC. (Docs. 12-15.) As to UC Seattle and Wu Development, LLC, Plaintiff indicates that Howard Wu is the Agent for Service of Process. (Docs. 14-15; Declaration of Hugo A. Lopez ¶ 5, Doc. 21-2.) Plaintiff requested the Clerk to Enter Default as to the above Defendants for their failure to respond to the Complaint, and default was entered. (Docs. 18-19.)

Plaintiff now seeks default judgment as to Defendants Taylor Woods, UC Seattle, and Wu Development, LLC. (Mot., Doc. 21-1.)[1] Plaintiff seeks "compensatory damages in the amount of $300,000, or alternatively, restitution of that amount under her seventh, ninth, eleventh, twelfth, and sixteenth cause of action." (Mem. at 11-12, Doc. 21-1.) Plaintiff also requests that the Court award her pre-judgment interest, post-judgment interest, and attorneys' fees. (*Id.* at 12.)

---

[1] Plaintiff did not seek default judgment as to Howard Wu.

**CIVIL MINUTES – GENERAL**　　　　　　　　　　　　　　　　　4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-08866-JLS-DFM                                                              Date: July 22, 2022
Title:  Lei Mei Chen v. Urban Commons 6th Ave Seattle, LLC et al

### II.     LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, default judgment is a two-step process: an entry of default judgment must be preceded by an entry of default.  *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  Upon entry of default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party.  *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); see also Fed. R. Civ. P. 8(b)(6).  "On the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *United States v. Cathcart*, 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010) (citation omitted).  "[I]t follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment."  *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

A district court has discretion to grant or deny a motion for default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and  (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72.

"If the court determines that the allegations in the complaint are sufficient to establish liability, it must then determine the 'amount and character' of the relief that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-08866-JLS-DFM                                                       Date: July 22, 2022
Title:  Lei Mei Chen v. Urban Commons 6th Ave Seattle, LLC et al

should be awarded." *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (quoting 10A Charles Alan Wright et al., Federal Practice and Procedure § 2688, at 63 (3d ed. 1998)).  This is because the allegations of the amount of damages suffered are not taken as true.  *See Geddes*, 559 F.2d at 560.

### III.     DISCUSSION

#### A.     Service

As an initial matter, the Court notes that Plaintiff has not adequately demonstrated that it properly served UC Seattle or Wu Development, LLC.  "For a Court to enter a default against a defendant, a plaintiff must demonstrate that the defendant was properly served." *Wimo Labs, LLC v. eBay, Inc.*, 2017 WL 10439834, at *1 (C.D. Cal. May 2, 2017) (Staton, J.).  Here, Plaintiff contends that Howard Wu is the "Agent for Service of Process" for Defendants UC Seattle and Wu Development, LLC.  (Proofs of Service, Docs. 17-18; Declaration of Hugo A. Lopez ¶¶ 5-6.)  However, Plaintiff has not provided any evidence (or argument) that Howard Wu is indeed an agent authorized to receive service on behalf of these entity defendants.  Accordingly, the Court DENIES the Motion as to Defendants UC Seattle and Wu Development, LLC.  *See Anthonis-Smith v. Ford Motor Credit Co., LLC*, 2019 WL 1578375, at *3 (C.D. Cal. Feb. 14, 2019) (denying motion for default judgment where the plaintiff presented "no evidence that Ms. Swert is the person designated as agent for service of process").  Accordingly, the Court's *Eitel* analysis below pertains only to Taylor Woods.

#### B.     *Eitel* Factors

The Court also denies the Motion as to Taylor Woods on the basis that Plaintiff failed to satisfy the second and third *Eitel* factors as Plaintiff engages in impermissible

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:21-cv-08866-JLS-DFM                                                     Date: July 22, 2022
Title: Lei Mei Chen v. Urban Commons 6th Ave Seattle, LLC et al

group pleading. "One common theme of Rule 8(a), Rule 9(b), *Iqbal*, *Twombly*, and federal securities laws on pleading is that plaintiffs must give the defendants a clear statement" as to what each defendant allegedly did wrong. *Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). Indeed, as to Plaintiff's fraud-based claims, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).

Here, aside from a few defendant-specific allegations, Plaintiff brings broad allegations against "Defendants" without specifying Taylor Woods' involvement in the alleged activities. *Gavriliuc v. TEKsystems, Inc.*, 2021 WL 3568252, at *2 (C.D. Cal. Apr. 14, 2021) (Staton, J.) (internal quotation marks omitted); *see also Sollberger*, LLC, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) ("One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong."). For example, Plaintiff alleges, without specifying as to Taylor Woods (let alone any other defendant), that "Defendants issued a private offering . . . to investors," that Defendants "materially misrepresented and omitted material facts concerning their credentials, experience, expertise, and capabilities in order to induce the trust and confidence of Plaintiff," and that "Defendants made misrepresentations of material facts and omitted material facts concerning WOODS, and WU in the offering of the membership interest in UC SEATTLE." (Compl. ¶¶ 16, 35-36, Doc. 1.) Nor does Plaintiff provide any allegations that would permit an inference that Taylor Woods had a role in making the above-listed misrepresentations or omissions. While Plaintiff pleads that Taylor Woods, Howard Wu, and UC Seattle "acted for each other in connection with the conduct herein alleged," Plaintiff must still provide some factual allegations to support such assertions. (*Id.* ¶ 45.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-08866-JLS-DFM                                     Date: July 22, 2022
Title:  Lei Mei Chen v. Urban Commons 6th Ave Seattle, LLC et al

Accordingly, Plaintiff's Complaint does not satisfy the pleading requirements of Rule 8(a) or Rule 9(b) as to the at-issue Defendants in this Motion.

### C.    Rule 54(b)

In addition to the issues identified above, Rule 54(b) of the Federal Rules of Civil Procedure also counsels against entering default judgment in this matter.  Rule 54(b) provides that "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all . . . parties only if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b).  In *Frow v. De La Vega*, 15 Wall. 552, "[t]he leading case on the subject of default judgment in actions involving multiple defendants," the Supreme Court held that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."  *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).  The *Frow* rule has also been extended by courts to "defendants who are similarly situated, even if not jointly and severally liable." *Id.*  Here, Plaintiff alleges, among other things, that many of the defendants engaged in a "conspiracy" together, that some defendants are mere "alter egos" of each other, and that others are jointly and severally liable for the alleged wrongful actions.  (*See*, *e.g.*, ¶¶ 45, 48-49, 90, Doc. 1.)  In light of the allegations in the Complaint, the Court finds it improper to enter default judgment as to only some defendants.

### IV.    CONCLUSION

For the above reasons, Plaintiff's Motion is DENIED without prejudice.  Moreover, the Default by Clerk is VACATED as to UC Seattle and Wu Development, LLC.  The Application to Set Aside Entry of Default by the Clerk on 12/28/2021, Against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-08866-JLS-DFM                                              Date: July 22, 2022
Title:  Lei Mei Chen v. Urban Commons 6th Ave Seattle, LLC et al

Defendant Wu Development, LLC Pursuant to F.R.C.P. 55(c) (Doc. 23) is DENIED as moot.

Initials of Deputy Clerk: dr