# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Li Mei Chen ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:21-cv-08866 |
| Urban Commons 6th Ave. Seattle, LLC; Howard Wu, ) Taylor Woods, Wu Development, LLC; & Annie Wu ) | |
| *Defendant* ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: First American Title Insurance Company
c/o CSC - Lawyers Incorporating Service, 1 First American Way, Santa Ana, CA 92707

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see "attachment 1"

| Place: Garcia Rainey Blank & Bowerbank LLP<br>695 Town Center Drive, Suite 700<br>Costa Mesa, 92626 | Date and Time:<br>April 11, 2022 at 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/21/2022

            *CLERK OF COURT*

            _____  OR  _____
            *Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Li Mei Chen _____ , who issues or requests this subpoena, are:
Norma V. Garcia, 695 Town Center Drive, Suite 700, Costa Mesa, CA 92626, ngarciaguillen@garciarainey.com, 714.382.7002

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:21-cv-08866

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____; or

❐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT 1

# ATTACHMENT 1
## SUBPOENA TO FIRST AMERICAN TITLE INSURANCE COMPANY
## INSTRUCTIONS AND DEFINITIONS

1. As used herein, the terms **"YOU"** and **"YOUR"** shall means First American Title Insurance Company and its employees, agents, representatives, attorneys, accountants, and any other PERSON(S) else acting or purporting to act on its behalf or at its direction.

2. As used herein, the term **"URBAN COMMONS, LLC"** refers to the California Limited Liability Corporation Urban Commons 6th Ave. Seattle, LLC. and any of its parents or subsidiaries, and any of its employees, agents, and independent contractors while acting within the scope of their employment, and anyone else acting on its behalf.

3. As used herein, the term **"WU DEVELOPMENT, LLC"** refers to the California Limited Liability Corporation and any of its parents or subsidiaries, and any of its employees, agents, and independent contractors while acting within the scope of their employment, and anyone else acting on its behalf.

4. As used herein, the term **"A. WU"** refers to Defendant Annie Wu and her employees, agents, representatives, attorneys, accountants, and any other PERSON(S) acting or purporting to act on her behalf or at her direction.

5. As used herein, the term **"WU"** refers to Defendant Howard Wu and his employees, agents, representatives, attorneys, accountants, and any other PERSON(S) acting or purporting to act on his behalf or at his direction.

6. As used herein, the term **"WOODS"** refers to Defendant Taylor Woods and his employees, agents, representatives, attorneys, accountants, and any other PERSON(S) acting or purporting to act on his behalf or at his direction.

7. As used herein, the term, **"INDIVIDUAL PLAINTIFF"** refers to Plaintiff Li Mei Chen ("Li").

8. As used herein, the terms, **"ESCROW ACCOUNT NO. NCS-984828-WA1"** shall mean any and all accounts held by YOU for the Seattle Hilton property on behalf of INDIVIDUAL PLAINTIFF and/or URBAN COMMONS, LLC and/or any other entity and/or individual.

9. As used herein, the term "**RELATED TO**" AND/OR "**RELATING TO**" means embodying, discussing, constituting evidence of, having a relationship to (in whole or in part) pertaining, referring to, reflecting, describing, or setting forth the subject matter to which reference is made.

10. As used herein, "**AND/OR**" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests matters which might otherwise be construed to be the outside of their scope. A singular form of a word shall also be construed to include the plural form in any instances where such construction would expand the scope of these requests

10. As used herein, the term "**COMMUNICATIONS**" shall mean all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, conferences, telephone conversations, interviews, cards, letters, notes, correspondence, telegrams, telexes, cables, or other forms of interpersonal discourse, whether oral or written, however transmitted, including reports, notes, memoranda, lists, agenda, and other reports of communication.

11. As used herein, the terms "**DOCUMENT**" and/or "**DOCUMENTS**" means recorded information, whether written, printed, or electronically stored information ("ESI"), in its original form as well as any drafts, copies, versions, or iterations that are different from the original. By way of example, documents include but are not limited to letters, e-mails, faxes, correspondence, memoranda, typed notes, handwritten notes, statements, notebooks, files, folders, minutes, reports, worksheets, handbooks, manuals, pamphlets, brochures, diaries, calendars, stenographic notes, analyses, forecasts, announcements, publications, press releases, spreadsheets, tabulations, graphs, charts, maps, telegrams, magnetic tapes, photographs, video recordings, audio recordings, text messages, instant messages, websites, internet posts, blogs, social network posts, agreements, contracts, affidavits, transcripts, printouts, as well as any ESI from computers, feature phones, smartphones, personal data assistants, tablets, hard-drives, USB/flash drives, floppy discs, CDs, DVDs, Blu-ray discs, servers, networks, online accounts, and other electronic storage devices or services.

12. As used herein, the term "**COMPUTER(S)**" shall include, but is not limited to, microcomputers (also known as personal computers or desktops), laptop computers,

portable computers, smartphones, personal digital assistants, Blackberrys, minicomputers, iPads, tablets, and mainframe computers.

13. As used herein, the term "**ELECTRONIC DATA**" means all information stored in a digital format, including electronically stored information ("**ESI**"). ELECTRONIC DATA includes, but is not limited to, electronic mail messages and attachments, contacts, journal entries, calendar entries, word processing documents, spreadsheets, databases including all records and fields and structural information, charts, graphs, and any and all miscellaneous files responsive to the following requests. The responding party is expected to search for any and all information stored on hard disks, floppy disks, CDs, DVDs, USB devices, Personal Digital Assistants (including, but not limited to, electronic tablets, iPads, iPhones, Android, and other devices), and in any other vehicle for digital data storage and/or transmittal. The term ELECTRONIC DATA also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above.

14. As used herein, the term "ESI" means any information, including electronically stored information, on any COMPUTERS AND/OR operational systems including accounting, financial, distribution, or manufacturing systems; e-mail; Instant Messages (IM); web pages; text messages; cell phone data; Excel spreadsheets and underlying formulae; metadata; computer databases (i.e., Access); erased, fragmented or damaged data; Blackberry data; and anything stored on any COMPUTER or other electronic means located on or in, but not limited to cache memory; optical disks; magnetic tapes/back-up tapes; magnetic disks (hard drive, floppy disks, etc.); PDAs, Blackberries and Palm Pilots; cell phones; IM tools; or USB drives.

15. "**DELETED FILE(S)**" means any ELECTRONIC DATA or ESI file that has been erased or deleted from the electronic media, COMPUTER, or DOCUMENT in which it resided.

16. With respect to any DOCUMENT(S), ELECTRONIC DATA, AND/OR ESI which YOU withhold under a claim of privilege or otherwise, please provide a statement setting forth as to each of the following documents:

    (a) the name and address of the sender of the DOCUMENT, ELECTRONIC DATA, AND/OR ESI;

2
ATTACHMENT 1

(b) the name and address of the author of the DOCUMENT, ELECTRONIC DATA, AND/OR ESI;

(c) the name(s) and address(es) of all PERSONS to whom the DOCUMENT, ELECTRONIC DATA, AND/OR ESI was addressed;

(d) the name(s) and address(es) of all PERSONS to whom a copy of the DOCUMENT, ELECTRONIC DATA, AND/OR ESI was addressed;

(e) the name(s) and address(es) of all PERSONS known to you who have seen the DOCUMENT, ELECTRONIC DATA, AND/OR ESI or participated in communications about the DOCUMENT, ELECTRONIC DATA, AND/OR ESI;

(f) the job title of each PERSON listed in (a) through (e) above;

(g) the date of the DOCUMENT, ELECTRONIC DATA, AND/OR ESI;

(h) the date upon which the DOCUMENT, ELECTRONIC DATA, AND/OR ESI was received by those having possession of the DOCUMENT, ELECTRONIC DATA, AND/OR ESI;

(i) a brief description of the nature and subject matter of the DOCUMENT, ELECTRONIC DATA, AND/OR ESI; and the statute, rule, division, or other basis which has been claimed to give rise to the privilege.

17. As used herein, the term **"PERSON"** or **"PERSONS"** means any natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, other form of business organization or arrangement, and/or government or government agency of any nature or type.

**DOCUMENTS REQUESTED**

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

All DOCUMENTS sufficient to show all the escrow funds held in Escrow Account No. **NCS-984828-WA1** between December 1, 2019, through the present.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

All DOCUMENTS sufficient to show all escrow funds deposited in Escrow Account No. **NCS-984828-WA1** between December 1, 2019, through the present.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

1  All DOCUMENTS sufficient to show the source of each deposit in Escrow Account No. **NCS-984828-WA1** between December 1, 2019, through the present.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

All DOCUMENTS identifying each release of the escrow funds held in Escrow Account No. **NCS-984828-WA1** between December 1, 2019, through the present.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

All DOCUMENTS identifying the recipient(s) of each withdrawal or release of escrow funds held in Escrow Account No. **NCS-984828-WA1** between December 1, 2019, through the present.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

All escrow instructions received by First American Title Insurance Company for Escrow Account No. **NCS-984828-WA1** between December 1, 2019, through the present.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

All escrow instructions issued by First American Title Insurance Company for Escrow Account No. **NCS-984828-WA1** between December 1, 2019, through the present.